Lyman H. Smith, J.
This is a motion by the Attorney-General of the State of New York for an order quashing a judicial subpoena duces tecum issued, by the Nassau County Court and directed to the Superintendent of Corrections, Ossining Reception Center, pursuant to CPL 610.30 and CPLR 2307.
The subject subpoena was issued by the Hon. Paul J. Kelly of this court, in a “ So Ordered ” form, on December 15, 1972 and called for the production of medical and psychiatric records of a prospective witness, Charles Di Umberto, a convicted felon and former inmate of the Ossining facility. Said subpoena directed the Superintendent to produce those records before this court on a specified date. This directive was not complied with. The original subpoena contains a receipt dated “ January 3, 1973 ” in the following form: “ I acknowledge receipt of the medical and psychiatric records of Charles Di Umberto.OOF #112-256. Matthew Bonora ” Matthew Bonora •has been identified to this court as a private investigator employed by defense counsel herein, Fergus B. Norton, Esq.
Some 14 days later, on January 17, 1973, attorney Norton had marked for identification, and handed up to this court certain documents which purported to be the records sought by the subpoena. (Medical and psychiatric records of Charles Di Umberto.) These records were not delivered to the court by any member of the Department of Correction, nor was there any certification of the contents accompanying them as provided for by subdivision (a) of CPLR 2306. The careless *81 and slip-shod execution of the judicial subpoena duces tecum and the handling of these records thereafter serves to illustrate the absolute necessity for following the statutory requirements when producing such records. How, at this state, can any witness swear to the authenticity of these purported records?
Putting aside for the purpose of this application the noisome taint that clings to these records, the court will address itself only to the questions of law raised by this motion.
The Attorney-General urges as grounds for quashing the subpoena that the material subpoenaed is privileged and confidential under CPLR 4504 and section 15-a of the Correction Law.
Counsel for defendants opposes the motion on the grounds that the State may not invoke the doctor-patient privilege on behalf of the patient. CPLR 4504, however, specifically prohibits a physician from disclosing confidential communications in the absence of1 a waiver. As such, the privilege exists as a matter of law. Therefore, the subpoena duces tecum as it applies to “ all medical, psychiatric * * * records ” must be quashed. See, Wilson v. State of New York (36 A D 2d 559, 560), wherein the court held, “the State may invoke the privilege afforded by CPLR 4504 to avoid disclosure concerning confidential communications between one of its inmates and staff physicians or psychiatrists, as well as records relating to an inmate’s prognosis and diagnosis of his propensities and condition by prison physicians and psychiatrists (Boykin v. State of New York, 13 Misc 2d 1037, affd. 7 A D 2d §19; see, also, CPLR 4507, 4508).”
In the case at bar, the privileged records are sought by defense counsel without the patient’s waiver as required by CPLR 4504 and for the sole purpose of cross-examining a prospective witness upon the trial to follow (see page one of defendant’s affidavit in opposition). (Cf. People v. Graydon, 70 Misc 2d 336.) ^
It is significant that this is a pretrial motion. Likewise, it is especially significant that the records are not sought in connection with the issue of guilt or innocence of the defendant, but merely on a collateral issue of credibility of the witness. In this light, this court will not (without patient waiver) strike down the statutory doctor-patient privilege conferred upon the witness by the Legislature of this State.
It is, therefore,
Ordered that the judicial subpoena duces tecum as it applied to hospital, medical and psychiatric records only, is quashed.
*82 Nothing herein contained shall be construed to prevent counsel from obtaining nonprivileged records or documents concerning Charles Di Umberto including disciplinary records, if any.