OPINION OF THE COURT
Lawrence H. Bernstein, J.
The defendant is accused in this indictment with the crimes of assault in the first degree and criminal possession of a weapon in the fourth degree in that on September 15, 1978, he allegedly attacked one Juan Arroyo with a machete and thereby caused him to suffer serious physical injury.
It turns out that the complainant, Mr. Arroyo, was on State parole at the time of this incident. Having discovered this information, the defendant moved this court for the issuance *875 of a subpoena duces tecum for the parole file of the complainant for use at trial on cross-examination of this witness.
The court granted the motion and, upon production of the records, examined them in camera. It did agree to stay any disclosure to the defendant of any material therein, pending a decision by the Attorney-General’s office, appearing on behalf of the State Board of Parole, whether to move to quash the subqoena.
The Attorney-General has now so moved pursuant to CPLR 2304 to quash this subpoena on the ground that disclosure of the complainant’s parole records contravenes State law preserving the confidentiality of a parolee’s file. Specifically, the Attorney-General contends that access to such information is proscribed by subdivision (c) of section 8000.5 of the Rules and Regulations of the Division of Parole (9 NYCRR 8000.5 [c]), adopted pursuant to subdivision 2 of section 259 of the Executive Law, which permits disclosure only in certain limited circumstances, not applicable here.
The defendant concedes that the State has a valid interest in maintaining the confidentiality of parole records but argues that in this specific instance such interest must yield to the defendant’s paramount constitutional right to confront any witnesses against him. Defendant’s reliance on the decision in Davis v Alaska (415 US 308) in support of that proposition is misplaced.
In Davis v Alaska (supra), the Supreme Court held it to be error of a constitutional dimension to preclude a defendant from cross-examining a prosecution witness with respect to his being on juvenile probation at the time he initially identified the defendant. The court ruled that the State’s interest in preserving the confidentiality of juvenile delinquency adjudications and dispositions must give way to the superior right of the defendant, under the confrontation clause, to impeach this adverse witness as to any possible bias deriving from his probationary status.
Disclosure of otherwise confidential information is mandated under the confrontation clause only where it is to be used for the purpose of "particular” impeachment, i.e., cross-examination to establish bias, prejudice or some other ulterior motivation on the part of the witness; where, however, the defendant’s sole purpose is to employ the information as a means to "generally” impeach or attack the credibility of a witness, the Davis case does not require disclosure. (See Davis *876 v Alaska, supra, p 316; see, also, concurring opn, Justice Stewart, p 321.)
Recognizing this distinction with respect to the type of impeachment, defendant asserts he is in need of the parole records to establish bias or a motive to lie on the part of the complainant, i.e., that Arroyo is lying about what happened at the time of the alleged assault in order to protect himself against a possible parole violation.
The court finds no merit in this argument. Any motive to lie arises out of the fact of the parole status itself and not from what is contained in the records. The situation in this case is thus directly analogous to that in Davis except here the defendent is free to cross-examine the complainant with respect to his being on parole without offending any statute or regulation protecting this status as confidential information.
The court, therefore, finds, upon further reflection and consideration of the applicable law, that it was in error when it initially issued the subpoena. The defendant has made no clear showing of facts sufficient to breach the privilege of confidentiality. Mere speculation and surmise that the parole file contains some facts with which to impeach the witness is insufficient to compel disclosure of all or part of the parole records.
The court did, nonetheless, read over the complainant’s parole file. Had it discovered any information therein to be of sufficient magnitude as to be material to the guilt or innocence of the defendant (see Brady v Maryland, 373 US 83), it would have, in the interest of justice, compelled disclosure thereof, notwithstanding the absence of any initial showing to warrant inspection. Having found no such information, no disclosure is warranted.
For all of the reasons stated herein, the motion to quash the subpoena is granted.