OPINION OF THE COURT
Aaron B. Cohen, J.
Before the court is a motion to quash the subpoena of the respondent, Joan M., wherein she seeks from Under 21 all books, papers, records, and other items pertaining to Sonya M., pursuant to a judicial subpoena duces tecum.
Under 21 is a private, not-for-profit corporation, serving the needs of runaway and homeless youths, providing legal, medical, and counseling services to such youths. Presently before the court is a petition wherein the mother of Sonya M. and her paramour, Robert B., are charged with various acts of child abuse and neglect.
The court fails to see the relevance as to what transpired at the-runaway home, between Under 21 and Sonya, to the case before the court. What we have here is simply a fishing expedition on the part of the respondent herein to *208 gain information irrelevant to the case. Respondent has failed to show any relevance as to what happened at Under 21 and this neglect proceeding. What transpired between the child, who is not the complainant, and Under 21 is not in question or relevant to the abuse and neglect petitions before the court.
Furthermore, Under 21 is proscribed from releasing any information or documents sought in the subpoena, pursuant to statutory law and regulations.
The Runaway and Homeless Youth Act of 1978 (Executive Law, art 19-H, § 532 et seq.), governs the operation of programs for runaway and homeless youths and directs the New York State Division for Youth to enact regulations in consultation with the Department of Social Services “prohibiting the disclosure or transferral of any records containing the identity of individual youth receiving services.”
“The division for youth with respect to approved runaway youth programs shall * * *
“4. develop jointly with the department of social services in consultation with county youth bureaus and organizations or programs which have had past experience dealing with runaway and homeless youth, regulations concerning the coordination and integration of services available for runaway and otherwise homeless youth and prohibiting the disclosure or transferral of any records containing the identity of individual youth receiving services pursuant to this section.” (Executive Law, § 532-d, subd 4.)
The Division for Youth, in compliance with the Runaway and Homeless Youth Act, has enacted such regulations. These regulations explicitly define the obligation of confidentiality in dealing with runaways and homeless youth. The stated purpose of these regulations is: “[T]o coordinate and integrate services available for runaway and otherwise homeless youth and to prohibit the disclosure or transferral of any records containing the identity of individual youth receiving services under article 19-H.” (9 NYCRR 182.1.)
These regulations further provide, with respect to the responsibilities of runaway and homeless youth programs:
*209 “Disclosure or transferral of records or information containing the identity of individual youth receiving services shall be prohibited, except as provided in section 182.8 (c) [hereof]”. (9 NYCRR 182.6 [g].)
Section 182.8 (c) provides, with respect to “Confidentiality and reporting”: “Approved runaway programs shall develop policies and procedures which prohibit the disclosure or transferral to any individual or to any public or private agency, without the written consent of the youth, of all information including lists of names, addresses, photographs, and records of evaluations of individuals served by the runaway program. All such information shall be kept confidential.” (9 NYCRR 182.8 [c] [1].)
The Division for Youth can inspect for compliance only if the identity of the youth is shielded. (9 NYCRR 182.8 [c] [3].)
The intent of the statute and regulations is clear. Runaway homes offer confidential assistance to runaway and homeless children. Such services would be highly curtailed if these children had to fear disclosure of the information which they provide such homes. By creating such confidentiality the Legislature has provided a means whereby runaway homes may rectify the situation. With the confidential information provided them, the home may work towards the reunification of the runaway with his or her family.
The court finds no exception to these regulations in section 1046 of the Family Court Act. Such law excepts from neglect hearings the privilege attaching to confidential communications between husband and wife; physician and patient; psychologist-client; and social worker-client. The Legislature and formulators of the present regulations could have provided an exception such as these with regard to disclosure where a neglect proceeding was pending and records of a runaway home were needed. “[T]he failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons Laws of NY, Book 1, Statutes, § 74.)
When, from the language of an act and circumstances surrounding its enactment, it appears that the Legislature *210 has specified the cases to which it shall apply, the failure to specify a particular case indicates that the Legislature did not intend the act to cover such case. Here, the Legislature’s express exceptions to confidentiality are spelled out, therefore implying that other confidentialities that are statutorily given are not to be excepted in neglect proceedings. The Legislature’s silence is instructive, in that it shows its intent that, even in a neglect proceeding, the cloak of confidentiality with regard to a runaway home shall not be broken.
The court, at this juncture, confines its decision to the point in time before there has been any waiver by the infant involved. The youth may waive the confidentiality provided for by written consent. (9 NYCRR 182.8 [c] [1].)