OPINION OF THE COURT
Ira B. Harkavy, J.
Covenant House and Under 21 (the subsidiary of Covenant House which has actual possession of all child care records), moves for an order quashing a subpoena duces tecum, served upon it, seeking any and all records related to Alice G. (the complainant in this action) and of her son William V.
Mickey Garcia, the defendant in this action is charged with endangering the welfare of a child and assault in the third degree. He is charged on the complaint of Alice G. of having beaten, bitten and striking with a weapon, William V., a 13-month-old infant causing the infant to sustain multiple injuries and scarring.
*811 Both prior and subsequent to the alleged incident, Alice G. was an inhabitant of Covenant House. Defendant claims that the records concerning her stay at Covenant House “may be terribly relevant on the issue of who is responsible for the beatings and the injury sustained by the infant victim herein”.
Covenant House is the parent not-for-profit corporation of Under 21, a not-for-profit corporation which provides shelter for runaway and homeless children in the Times Square area of New York City. It provides legal, medical and counseling services to the runaway and homeless children. It appears that Alice G. has at times been a client of Covenant House.
The defendant argues three points to demand production of the records in question: that “Nowhere is Covenant House granted absolute confidentiality vis a vis the records it maintains;” that the defendant’s right to confrontation and fundamental fairness requires the records to be released in this case; and that the best interest of the child victim is the transcendent principle in this case. None of these arguments are grounded in the well-established law in this area.
Defendant’s subpoena is a fishing expedition, pure and simple. Defendant has provided no factual basis whatsoever to demonstrate relevance between what transpired at Under 21 seven months before the injury of William V. and the defendant’s case. Defendant is seeking general character impeachment not permitted under the law. Defendant has no grounds for suggesting that anything in Under 21’s records would be relevant to specific bias or to the truth of the witness’ testimony. In essence, he is hoping that useful information will turn up; he has no evidence to suggest that it will. The information he alleges he is seeking is contained in the hospital records of William V. that was attached to defendant’s answering affidavits as to the instant motion. The defendant will not be harmed in any way by his failure to obtain the subpoenaed records.
CONFIDENTIALITY
Contrary to defendant’s assertions there are absolute restrictions on disclosure of records regarding youths sheltered in the Under 21 program.
The Runaway and Homeless Youth Act of 1978 (Executive Law § 532 et seq.) is an absolute mandate to protect the confidentiality of youthful clients in programs like Under 21. Its protections are intended to be far-reaching. In an analogous case to this one, in 1982, the Family Court of Nassau County ruled that the Runaway and Homeless Youth Act was a bar to disclosure of *812 victim/witness’ records to the defendant/parent in an abuse action: “The intent of the statute and regulations is clear. Runaway homes offer confidential assistance to runaway and homeless children. Such services would be highly curtailed if these children had to fear disclosure of the information which they provide such homes. By creating such confidentiality the Legislature has provided a means whereby runaway homes may rectify the situation. With the confidential information provided them, the home may work towards the reunification of the runaway with his or her family.” (Matter of Sonya M., 115 Misc 2d 207, 209 [Earn Ct, Nassau County 1982].)
And in 1983, Judge Jeffrey Atlas of the Manhattan Criminal Court ruled that the statute was an absolute bar regarding records sought by the District Attorney’s office to identify suspects in an armed robbery. (Matter of Covenant House/Under 21, Sup Ct, NY County, Mar. 22, 1983.)
In addition, the mandates of the Drug Abuse Prevention, Treatment, and Rehabilitation Act (21 USC § 1101 et seq.) and the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act (42 USC § 4541 et seq.), while allowing for limited disclosure of objective data only on a strict good cause standard, specifies a procedure which must be followed to gain access to such records. That procedure — which includes a closed hearing and notice to the person whose records are at issue — has not been followed to gain access to such records in this case. (42 CFR 2.63, 2.64.)
STANDARD FOR DISCLOSURE
Defendant misconstrues the nature of his constitutional protection in this case. His 6th Amendment and due process claims cannot overcome the absolute statutory protections for unconsented disclosure of the witness’ records; the relief to which he is entitled is to bar testimony by the witness if he is unable to obtain critical cross-examination evidence. (Davis v Alaska, 415 US 308, 320 [1974].) The issue, thus, is to determine what records are constitutionally required to be disclosed if the witness is to be permitted to testify. That standard is well established in New York lay/: general character impeachment materials do not have to be disclosed; only that which is directly relevant to specific bias or truth of the witness’ testimony must be available to the defense. (People v Dodge, 73 Misc 2d 80 [County Ct, Nassau County 1973]; People v Maynard, 80 Misc 2d 279 [Sup Ct, NY County 1974]; People v Lowe, 96 Misc 2d 33 [Crim Ct, Bronx County 1978]; People v Mandel, 61 AD2d 563 *813 [2d Dept 1978]; People v Casanova, 101 Misc 2d 874 [Sup Ct, Bronx County 1979].)
When a defendant seeks privileged information — especially when that privilege rises to a constitutional level, he has a heavy burden to demonstrate his need. Weighing the right of a defendant charged with murder against a New York Times reporter’s right of confidentiality, the New Jersey Supreme Court ruled that there should first be a threshold determination by a fair preponderance of the evidence that there is a reasonable probability of relevance, that it cannot be secured elsewhere, and that there is a legitimate need for it. Only then should an in camera inspection of the records by the Trial Judge follow. (Matter of Farber, 78 NJ 259, 394 A2d 330, 337-339 [1978].)
It is crucial to note that while the defendant hypothesizes, without a hint of evidence, that the records “may prove him to be innocent”, the evidence he is fishing for — that of any history of abuse by the witness — is evidence Under 21 would have been required by law to report immediately to child protective authorities. There is no evidence that such a report was ever made.
. INTEREST OF THE CHILD
Defendant’s final argument is that the best interests of the child victim is the “transcendent principle” in this case. This argument has no merit. This is a criminal matter against the defendant. The only issue is the guilt or innocence of the defendant. No decisions are being made regarding the child or his welfare. That decision is properly the domain of the Family Court and the Department of Social Services, which after full investigation in 1982 after the child was injured, left the child in the custody of his mother.
CONCLUSION
The constitutional, Federal and State mandated privilege of confidentiality with respect to Covenant House and Under 21 compels that the subpoena in the instant case be quashed in all respects. The defendant has failed to meet his burden to show the necessary relevance to bypass those privileges.