OPINION OF THE COURT
Herman Cahn, J.
The People seek an order making certain records of Covenant House/Under 21 available to them to be used in the prosecution of defendant, a former client of Covenant House.
Defendant stands indicted for attempted rape in the first degree and sexual abuse in the first degree arising out of an incident which took place outside Covenant House at 460 West 41st Street in New York County on October 23, 1985 at approximately 7:00 p.m.
Defendant allegedly attacked and sexually assaulted the victim, an employee of Covenant House, as she was on her way home from work that evening. After the incident, the victim returned to Covenant House and described the assailant to another employee of Covenant House. That person allegedly determined that the description matched the defendant. Defendant was arrested at Covenant House on November 25, 1985.
The description given by the victim included the fact that the assailant wore a gold chain with a large letter "H” on it. The defendant, though indicted under the name "Feijoo”, is alleged to have used the name "Herrera” on other occasions. He allegedly gave this as his name to the police at the time of his arrest. The victim stated that two other youths spoke to the perpetrator during the incident, in English. Defendant asserts that he speaks Spanish and, in fact, a Spanish interpreter is translating the trial for him.
Covenant House/Under 21 is an agency which ministers to runaway and homeless youth. In fact, defendant apparently was a resident of Covenant House for some periods of time before the incident. The People believe that the records sought here would show that the defendant used the name "Herrera” at Covenant House, and that he conversed there, in English.
The State statute governing programs such as Covenant House/Under 21 is the Runaway and Homeless Youth Act of 1978 (Executive Law § 532 et seq.). That statute, among other things, directs the New York State Division for Youth to develop regulations "prohibiting the disclosure or transferral *982 of any records containing the identity of individual youth receiving services” (Executive Law § 532-e [e]). The regulations promulgated pursuant thereto absolutely bar disclosure of any records except upon the written consent of the youth. (9 NYCRR 182.6 [g]; 182.8 [c] [1]; see, People v Garcia, 128 Misc 2d 810.) As such the records sought by the People in this motion are not to be made available unless the youth/patient gives written permission to disclose them.
The relevant Federal statute do not create an absolute bar to disclosure. Both the Comprehensive Alcohol Abuse and Alcoholism Prevention, Treatment, and Rehabilitation Act (42 USC § 4582) and section 408 of the Drug Abuse Prevention, Treatment and Rehabilitation Act (21 USC § 1101 et seq.), however, do set restrictions on the release of information by agencies such as Covenant House.
The Federal statutes and regulations provide for certain circumstances under which the aforementioned records may be disclosed. These include, by written consent of the patient, or by appropriate court order granted after application showing good cause therefor. The statute sets forth the circumstances to be taken into account by the court in deciding whether to permit disclosure. (42 USC § 290ee-3 [b].)
The order must be preceded by a hearing requiring certain specific procedures and the "good cause” finding may be reached only if each of the following criteria is met: the crime was extremely serious, "there is a reasonable likelihood that the records in question will disclose material information or evidence of substantial value in connection with the investigation or prosecution”; there is no other practicable way of obtaining the information; and the actual or potential injury to the physician-patient relationship and "the actual or potential harm to the ability of such programs to attract and retain patients is outweighed” by the public interest in disclosure. (42 CFR 2.65 [c].)
Because this State’s laws absolutely bar disclosure here, the court need not conduct the Federally mandated hearing and analysis. The motion to compel disclosure must be denied, except as hereinafter set forth.
Despite the absolute bar to nonconsensual disclosure, certain unique circumstances of this case with respect to what has taken place in court create issues which must be addressed.
During the course of a Wade hearing, defendant offered into *983 evidence copies of two pages from the Covenant House records. The documents were thereupon received in evidence. The two documents are (1) a Covenant House intake report, and (2) progress notes.
These two documents may no longer be said to be a part of the confidential records of Covenant House. Both the State and Federal regulations provide that the patient/youth may, by written consent, waive the confidentiality of his or her records. By offering the documents in evidence in open court, defendant effectively waived his rights of confidentiality as to these two pages. (See, People v Still, 48 AD2d 366; see also, People v Al-Kanani, 33 NY2d 260; People v Edney, 39 NY2d 620; Anastasi v Morgenthau, 84 Misc 2d 166; Carr v Schmid, 105 Misc 2d 645.)
Had the documents been offered into evidence by defendant during the course of the trial itself, clearly any right of confidentiality with respect to information contained therein would have been waived. (People v Al-Kanani, supra.) The prosecution must be permitted to contest any issue raised by defendant via introduction of the documents, even if this impinges upon the right of confidentiality. (Id.; People v Edney, supra.) "When the patient first fully discloses the evidence of his affliction, it is he who has given the public the full details of his case, thereby disclosing the secrets which the statute was designed to protect, thus creating a waiver removing it from the operation of the statute * * * 'The legislature did not intend to continue the privilege when there [is] no reason for its continuance and it would simply be an obstruction to public justice’ (People v. Bloom, 193 N. Y. 1, 10)”. (People v Al-Kanani, supra, at pp 264-265.)
Although defendant’s offering of the two documents into evidence occurred during the course of a pretrial hearing, rather than during the course of the trial itself, such offer nevertheless precludes defendant’s claims that these particular records remain confidential and that their disclosure at trial is barred. The material is no longer confidential. In Anastasi v Morgenthau (supra), during the course of a criminal investigation, a patient of a drug abuse control facility made certain statements to parole officers and then, later, to police authorities. Later, the parole officers moved to quash the subpoenas which compelled them to testify before the Grand Jury concerning the statements which the patient had made to them. The court held that the patient had waived her right to confidentiality by making her revelations to the *984 authorities. (In an earlier part of the decision the court found that the information sought was not confidential, but nevertheless proceeded to rule on the issue discussed above.)
The same is true here. By disclosing the two documents at the hearing, defendant indicated that they were no longer confidential. (See also, People v McHugh, 124 Misc 2d 823.)
Defendant, by his own actions, made the documents part of the public record. (People v Still, supra.) He cannot now be heard to claim that they are confidential. Their submission into evidence, serving as a waiver of the confidentiality right, was the functional equivalent of the written consent required by the statute and regulations. (See, People v Still, supra; Anastasi v Morgenthau, supra.) However, the fact that defendant has disclosed, and thereby waived his right of confidentiality with respect to these two particular documents, does not mean he has waived as to all or any other records. (See, e.g., People v McHugh, supra.)
For the reasons stated above the People’s motion for an order compelling Covenant House to turn over confidential records to the District Attorney is denied. Those papers already part of the record on the Wade hearing may be used by the People during trial, subject to any other reasonable objections that may be raised.
The court takes this opportunity to respectfully suggest that the State Legislature and Division for Youth reconsider the New York statute and regulations with an eye towards formulating a more comprehensive disclosure scheme which will allow for a balancing between the need for confidentiality and the public’s interest in disclosure so that the records of organizations such as Covenant House/Under 21 may be made available to the courts when the policy considerations so warrant. A system such as the one provided by the Federal statutes and regulations maintains the needed confidentiality without tying the hands of the courts in their efforts towards the fair and effective administration of justice. Unlike our State system, that system is not inflexible to the point of prohibiting disclosure in almost all situations. A judicious balancing of the interests of all parties would permit disclosure in some cases, such as the instant one, without causing damage to the agency involved. Here the type of information sought — i.e., the name sometimes allegedly used by the defendant, and the language in which he converses, is not the type of information which should automatically be kept confiden *985 tial in all instances. In fact, the agency concerned here advised the court that it would not object to disclosure if the court felt that the motion could legally be granted.