■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDY YU, Appellant.—Judgment, Supreme Court, New York County (Joan C. Sudolnik, J.), rendered August 2, 1989, convicting defendant, after a jury trial, of first degree perjury, second degree perjury, second degree possession of a forged instrument, first degree offering a false instrument for filing, and tampering with physical evidence, and sentencing her to concurrent prison terms of one year on each count, unanimously affirmed. The case is remitted to the Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

A review of the evidence in the light most favorable to the People confirms that the jury's verdict of guilt was proven beyond a reasonable doubt.

The People's documents experts, Detective Richard Picciochi and Gregory McNally, concluded that the complainant's English signature on the supposed real estate purchase agreement between defendant and complainant was a forgery. Both experts concluded that the signature was a "simulation" drawn from a model of complainant's actual signature, based on a comparison of the blunt pen strokes, "pressure" and "tremor" exerted on the forged signature. Additionally, McNally concluded that complainant's Chinese signature on the document had also been forged based on a similar comparison of pen pressure, pen speed and types of pen strokes. That defendant produced an expert who reached a different conclusion regarding the source of the signature is to no avail as the jury had the right to accept or reject the opinion of any expert. *(People v Calabro,* 161 AD2d 375, 376.) Additionally, it cannot be said that the trial court abused its discretion in allowing McNally to give testimony about his conclusions

concerning his analysis of Chinese character signatures, even though he could not read or speak such language *(see, People v Diaz,* 51 NY2d 841, 842).

Since it is undisputed that the prosecutor never possessed, controlled or had access to complainant's attorney's legal file in a civil action brought by defendant, the records do not constitute *Rosario/Brady* material which the People had an obligation to disclose. *(See, People v Tissois,* 72 NY2d 75, 78; *People v Rodriguez,* 155 AD2d 257, 259, *lv denied* 75 NY2d 923.)*

Moreover, the prosecutor's delay in delivering to the defense three notes of a detective's interview with a witness did not violate the dictates of *Rosario/Brady* rules, concerning disclosure, as defendant had a meaningful opportunity to cross-examine the witness concerning the notes, and she was ultimately acquitted on the count pertaining to that witness. Under these circumstances, no substantial prejudice can be found to exist as to warrant a new trial. *(See, People v Cortijo,* 70 NY2d 868, 870; *People v Martinez,* 71 NY2d 937, 940.)

We have considered defendant's remaining contentions and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.