■ In the Matter of COVENANT HOUSE/UNDER 21, Appellant-Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Respondent; TYRONE BRANCH, Respondent-Appellant.—Appeal by Covenant House/Under 21 from an order of the Supreme Court, Kings County (Feldman, J.), dated January 26, 1990, which, *inter alia,* denied its application to quash a subpoena duces tecum served upon it by the People of the State of New York in a criminal action pending in that court under indictment No. 5768/89 entitled *People v Tyrone Branch,* and directed it to produce certain psychiatric, counseling and social work records pertaining to an alleged resident believed to be the complainant in the criminal action, for in camera inspection by the court, and Tyrone Branch cross appeals from stated portions of the same order.

Ordered that the order is reversed, on the law, without costs or disbursements, and the application to quash is granted.

By Kings County indictment Number 5768/89, Tyrone Branch has been charged, *inter alia,* with the rape and sexual abuse of the complainant. Prior to Branch's trial, the court directed the People to subpoena and turn over for in camera inspection certain counseling records from the complainant's group home as well as any other counseling records involving the complainant. The People subpoenaed the complainant's counseling records from Covenant House/Under 21 (hereinafter Under 21) pursuant to the court's direction. Under 21 brought this application to quash the subpoena duces tecum served upon it. The court denied the application to quash as premature and directed the production of the records for in camera inspection. Under 21 appeals from this order contending that it is prohibited by statute from releasing any records pertaining to its clients. Tyrone Branch cross-appeals from stated portions of this order.

Under 21 is an agency which ministers to runaway and homeless youth. Article 19-H of the Executive Law (the Runaway and Homeless Youth Act of 1978), governs programs like those provided at Under 21's facility. Executive Law § 532-e (e) states that the Division for Youth shall develop regulations "prohibiting the disclosure or transferral of any records containing the identity of individual youth receiving services" pursuant to that statute. Pursuant to Executive Law § 532-e (e), the Division for Youth promulgated 9 NYCRR 182.12 (a)

which provides that: "Approved runaway programs * * * shall develop policies and procedures which prohibit the disclosure or transferral to any individual or to any public or private agency, without the written consent of the youth, of all information, including lists of names, addresses, photographs, and records of evaluations of individuals served by the program. All such information shall be kept confidential". It is clear from the statute and regulations that the records of Under 21 are confidential and Under 21 is prohibited from releasing the complainant's records without her consent *(see, People v Feijoo,* 131 Misc 2d 980, *affd* 138 AD2d 983). As such, the statute presents a bar to the disclosure of the complainant's records.

Tyrone Branch contends that his Sixth Amendment rights outweigh the statutory and regulatory confidentiality claims by Under 21. Where confidential information is sought in a criminal action, the applicant bears a heavy burden to demonstrate need for the information. He or she must offer in good faith some "factual predicate" which would make it reasonably likely that the information sought would establish the unreliability of either the criminal charge or of the complaining witness *(see, People v Gissendanner,* 48 NY2d 543, 549-550). The record on this appeal is totally silent concerning why the requested information is relevant to the issues raised in the underlying criminal action. Without a record as to why the court directed that the subpoena be issued, a need for the disclosure of the information in question was not demonstrated, and Under 21's motion to quash the subpoena should have been granted.

In light of the foregoing conclusion, we need not address the merits of Tyrone Branch's cross appeal. Mangano, P. J., Bracken, Sullivan and Miller, JJ., concur.