*552 OPINION OF THE COURT
Ira H. Wexner, J.
Motion to quash the oral bench subpoena of the court, by the Nassau County Attorney and Special Counsel for the Nassau County Attorney and several of its police officers, is determined as hereinafter provided.
The defendant, Hughval McIntosh, has been indicted and now stands trial before this court on two counts of criminal sale and criminal possession of a controlled substance in the third degree. At present, a jury has been selected and opening statements have been completed. The opening statements were made on consent of the defendant, pending certain Rosario material.
The People have offered to provide the defense counsel with copies of statements of the police officers under People v Rosario (9 NY2d 286 [1961]). Among the statements which are to be considered are several written statements prepared by the officers at the request of their superior officers after Mr. McIntosh filed a civil rights lawsuit against Nassau County and the police officers. These statements were prepared as a result of the civil litigation and are in possession of the police department.
The Nassau County Attorney and its Special Counsel now move to quash the oral bench subpoena of the court, primarily on the grounds the statements being sought are (1) part of a fishing expedition, (2) not Rosario material, or (3) privileged and confidential due to an attorney-client relationship.
First, the court fails to see how the releasing of the statements are part of a "fishing expedition” under any rules of discovery. The statements being sought are specific and as such may be specifically discovered without any fear of an overly broad fishing expedition. (People v Gissendanner, 48 NY2d 543 [1979].)
The County Attorney also moves to quash the oral subpoena on the grounds the People are only obligated to produce Rosario material which is "within their possession or control.” (People v Fishman, 72 NY2d 884 [1988].) Although it may be conceded that files exclusively in the possession of the County Attorney are not within the control of the District Attorney, it is equally clear that files under the possession of the police, as the statements are in the case at bar, are clearly under the control of the District Attorney. (People v Ranghelle, 69 NY2d 56 [1986].) Therefore, this argument is without merit.
*553 Lastly, the court disagrees with the County Attorney’s position that the statements are prepared as attorney-client work product and are privileged written communications. (Hickman v Taylor, 329 US 495 [1947].) The court holds that these statements are not a work product as they were not prepared for the County Attorney but rather prepared for their superior police officer, within the general scope of their duties as officers in preparation for litigation.
Most importantly, this court holds that the interest of the defendant in a fair trial far outweighs the civil aspect of prohibiting the discovery of the within statements, and therefore such written statements must be turned over to the District Attorney forthwith so he may in turn provide the defendant with this Rosario material. (People v Rosario, supra; People v Martinez, 71 NY2d 937 [1988].)
Accordingly, the motion of the County Attorney and Special Counsel to the Nassau County Attorney to quash the subpoena is denied.