236

[606 NYS2d 249]

In the Matter of COUNTY OF NASSAU, Appellant, v BRAD SULLIVAN, Respondent.

Second Department, December 27, 1993

### APPEARANCES OF COUNSEL

*Shayne, Dachs, Stanisci, Corker & Sauer,* Mineola *(Jonathan A. Dachs* and *Lawrence J. Brennan* of counsel), for appellant.

*Robert L. Clarey,* Mineola *(Mark L. Lubelsky* of counsel), for respondent.

### OPINION OF THE COURT

BRACKEN, J. P.

The question to be resolved here is whether, in a criminal prosecution, the District Attorney is required to turn over documents in the possession of another public agency, and not within the District Attorney's actual or constructive control.

Brad Sullivan has been charged with assault in the third degree. This criminal prosecution is pending in the District Court, Nassau County. The complaining witness has commenced a civil action against the County of Nassau alleging, *inter alia,* that Mr. Sullivan's alleged assault on her was accomplished with the "knowledge and acquiescence of [the] County of Nassau". This civil action is pending in the Supreme Court, Nassau County.

In the course of defending the County of Nassau in connection with the civil action, a representative of the County Attorney asked the Nassau County Police Department to conduct an "internal investigation". It is clear that the materials gathered during the course of the internal investigation were segregated from the materials generated by County

police officers in the course of their investigation into the criminal complaint. It is also clear that "[t]he results of the civil investigation were forwarded to the County Attorney's Office for [its] use in defending the County of Nassau".

During the course of the criminal prosecution of Mr. Sullivan, the District Court issued two subpoenas duces tecum, the first at the request of the District Attorney, the second at the request of the attorney for Mr. Sullivan. Both of these subpoenas were aimed at the internal investigation file maintained by the County of Nassau in connection with its defense of the civil action. The County's application to quash the first subpoena was granted by the District Court in an order dated February 11, 1991. No appeal was taken from that order.

The County's application to quash the second subpoena was initially disposed of in an order of the District Court dated January 6, 1992, which, *inter alia,* directed the County to provide defense counsel with whatever material would qualify as *"Brady* material" *(see, Brady v Maryland,* 373 US 83) or *"Rosario* material" *(see, People v Rosario,* 9 NY2d 286, *cert denied* 368 US 866). In support of a subsequent motion to renew and reargue, the County's special counsel argued, *inter alia,* that this order unfairly required that the County itself decide what constituted *"Brady* material" and *"Rosario* material". In an order dated March 9, 1992, the District Court granted reargument, withdrew the order dated January 6, 1992, and substituted another one, dated March 9, 1992, which, instead of requiring production of *Brady* material and *Rosario* material by the County, called for an in camera inspection of the County's civil file by the trial court, with a view toward the eventual production of whatever documents the trial court found constituted *Brady* material or *Rosario* material. In an order dated March 23, 1992, the in camera inspection was scheduled for March 30, 1992, "at which time the court will make available to the Defense whatever it finds that the defense would be entitled to under applicable case law".

The County appealed to the Appellate Term for the Ninth and Tenth Judicial Districts from both the order dated March 9, 1992 and the order dated March 23, 1992. In an order dated April 28, 1993, the Appellate Term affirmed. On this appeal by permission, we reverse.

Both the *Rosario* doctrine, which requires the production of all recorded statements made by the witnesses who are ex-

pected to testify for the prosecution in criminal cases *(see,* CPL 240.45 [1] [a]; *People v Rosario, supra),* and the *Brady* doctrine, which requires the production of any evidence which tends to exculpate the defendant in a criminal case *(see, Brady v Maryland, supra),* are limited in their application to evidence in the control of the prosecutor, that is, the "district attorney or * * * other public servant who represents the people in a criminal action" (CPL 1.20 [31]; *see, People v Flynn,* 79 NY2d 879; *People v Tissois,* 72 NY2d 75; *People v Fishman,* 72 NY2d 884; *People v Yu,* 166 AD2d 249; *People v Berkley,* 157 AD2d 463; *People v Johnson,* 195 AD2d 481; *People v Rodriguez,* 155 AD2d 257, 259). While it is entirely reasonable to infer that the materials to which the local prosecutor has "immediate access" *(People v Fishman, supra,* at 886) would normally include those prepared by law enforcement agencies in connection with criminal investigations *(e.g., People v Ranghelle,* 69 NY2d 56), it is not reasonable to argue, as does the defendant in this case, that the prosecutor has immediate access to documents which another public agency, acting in the exercise of its constitutional, statutory, or regulatory responsibilities, zealously seeks to shield from disclosure. The mere fact that the defendant, and before him the District Attorney, had to resort to a judicial subpoena duces tecum in order to gain access to the County's internal investigation file, demonstrates that this file is not within the control of the prosecutor *(see, e.g., State v McKeen,* 33 Ore App 343, 576 P2d 804). In accordance with the foregoing, we disapprove of the holding of the County Court in *People v McIntosh* (157 Misc 2d 551, *appeal dismissed* — AD2d —, 1993 NY Slip Op 9890 [decided herewith]) to the extent that it reaches a contrary conclusion.

We further note the defendant's attorney has offered nothing "better than conjecture" *(People v Gissendanner,* 48 NY2d 543, 550) that the County's civil file contains evidence which would be useful to him defending his client in the criminal prosecution. Thus, the subpoena constitutes a fishing expedition *(see, People v Robinson,* 87 AD2d 877) and the County's application to quash should have been granted for this additional reason *(see also, Matter of Constantine v Leto,* 157 AD2d 376, 378, *affd* 77 NY2d 975; *Matter of Decrosta v State Police Lab.,* 182 AD2d 930; *Matter of Covenant House/Under 21,* 169 AD2d 723).

In light of the foregoing, we need not address the County's remaining contentions.

SULLIVAN, MILLER and LAWRENCE, JJ., concur.

Ordered that the order of the Appellate Term, dated April 28, 1993, is reversed, on the law, with costs, so much of an order of the District Court, Nassau County, dated March 9, 1992, as denied the application and directed an in camera inspection of the subpoenaed file is vacated, the order dated March 23, 1992 is vacated, and the application to quash is granted in its entirety.