■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v HUGHVALL ANTHONY MCINTOSH, Respondent. COUNTY OF NASSAU, Appellant. [606 NYS2d 248] —In a purported proceeding to quash a purported subpoena duces tecum, the County of Nassau appeals from a purported judgment of the County Court, Nassau County (Wexner, J.), dated February 4, 1993, which denied the application and directed the Nassau County Attorney to produce certain written statements *(People v McIntosh,* 157 Misc 2d 551).

Ordered that the appeal is dismissed, without costs or disbursements.

During the course of a criminal trial under Nassau County Indictment No. 69637, the People offered to produce certain written statements which the prosecutor had reason to believe had been made by four police officer witnesses. These statements had been made at the behest of the County Attorney in connection with an investigation which he had undertaken as a result of the criminal defendant's commencement of a Federal civil action pursuant to 42 USC § 1983 against the County. It is clear that these statements were never in the physical custody of the Office of the District Attorney and that the actual custodian of the statements is unwilling to produce them voluntarily. At some point, the County Court issued what has been referred to as an "oral bench subpoena", although no subpoena, as that term is defined by the applicable law (see, CPL 610.10 [2], [3]; 610.20 [1], [3]; CPLR 2302, 2303, 2304) was ever issued. Nonetheless, after having been informally notified of the existence of the "oral subpoena," a representative of the County Attorney appeared in the County Court, and asserted that the statements sought by the District Attorney were privileged, and not subject to disclosure. The prosecutor, with the support of defense counsel, argued that the statements should be produced.

In a ruling dated February 4, 1993, the County Court denied what it described as a "[motion] to quash the oral bench subpoena of the court" (People v McIntosh, supra, at 552). The court found that copies of the four statements in question were "under the possession of the police," and that, for this reason, they were "clearly under the control of the District Attorney" (People v McIntosh, supra, at 552, citing People v Ranghelle, 69 NY2d 56). The County Attorney has now appealed to this Court.

The appeal must be dismissed. A judgment which denies a motion to quash a subpoena duces tecum issued by a criminal court during a criminal trial and addressed to an entity which is not a party to the criminal proceeding is appealable on the theory such a determination constitutes a final judgment in a proceeding "on the civil side of a court vested with civil jurisdiction" (Matter of Cunningham v Nadjari, 39 NY2d 314, 317; see also, CPLR 5701 [a] [1]; People v Marin, 86 AD2d 40, 42, citing People v Doe, 247 App Div 324, affd 272 NY2d 473; New Jersey v Geoghegan, 76 AD2d 894; see also, People v Johnson, 103 AD2d 754). In the present case, there was, properly speaking, neither a written subpoena nor a written

motion to quash a subpoena, so that the above rule does not apply. Whatever terminology the parties and the County Court itself might have used to describe the nature of the proceedings which have taken place thus far, the reality is that the County Court made a trial ruling directing the Office of the County Attorney to produce certain documents. No appeal lies from a trial ruling.

The appeal is therefore dismissed. The parties are advised, however, that we have reviewed the merits of a similar case *(see, Matter of County of Nassau v Sullivan,* 194 AD2d 236) in which we expressly disapproved of the County Court's decision in the present case. Bracken, J. P., Balletta, Eiber and Copertino, JJ., concur.