■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY DAVIS, Also Known as ANTHONY DAVIS, Appellant. [610 NYS2d 63] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.) rendered May 17, 1990, convicting him of assault in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Where confidential information is sought in a criminal action, the applicant must demonstrate in good faith some factual predicate which would make it reasonably likely that the information sought would establish the unreliability of the complaining witness (see, People v Gissendanner, 48 NY2d 543, 550; see also, Matter of Covenant House/Under 21, 169 AD2d 723; People v Chang Gee Kim, 144 AD2d 572). The defendant failed to demonstrate that he knew of any specific information in a witness's confidential drug program records which was relevant to that witness's credibility.

Further, the trial court did not err in admitting the victim's statement to his mother regarding the identity of the shooter since the statement was admissible pursuant to the excited utterance exception to the hearsay rule. The victim made the statement only 15 minutes after he was shot in the leg at

close range, while standing in the elevator of his apartment building. When he spoke to his mother, his pants leg was still wet with blood and he was in considerable pain. Since the victim's statement was made while he was still under the stress of the shooting, and other surrounding circumstances justified the conclusion that the statement was not made under the impetus of studied reflection, the trial court did not err in admitting the statement into evidence (see, People v Edwards, 47 NY2d 493; see also, People v Brooks, 71 NY2d 877; People v Brown, 70 NY2d 513).

The defendant's remaining contentions are either without merit or unpreserved for appellate review. Thompson, J. P., Pizzuto, Santucci and Goldstein, JJ., concur.