OPINION OF THE COURT
Gary J. Weber, J.
The defendant, charged with forcible rape, has moved this court to compel the District Attorney to release certain blood and hair samples, or portions thereof, of the herein complainant for the purpose of testing by the defendant. These samples are already in the hands of agents of the District Attorney’s office. The defendant intends to test the blood for the presence of cocaine.
Counsel for the defendant also urges that the complainant be compelled to supply fresh blood and hair samples in the event that the samples already held by the District Attorney should prove unsuitable for the testing contemplated by the defense.
The defendant’s attorney alleges in his affirmation attached to the moving papers that the sexual relations between the complainant and the defendant were consensual and were the product of a trade of "sexual favors” for cocaine.
The defendant contends that a witness to a criminal action has no constitutionally protected privacy rights in her blood and hair. Witnesses are not stripped of their constitutional rights at the courthouse door. To be certain, an individual’s privacy interests must yield to the defense of a liberty interest upon a proper showing.
Here, no such showing has been made.
The papers now before the court, affirmed only by the defendant’s attorney, allege merely that "upon information and belief’ the sexual relations between the complainant and the defendant were consensual as a trade of "sexual favors” for cocaine which the complainant then ingested. At the very least counsel is required to specifically identify the source of this information and the grounds for this belief. (People v Alexander, 88 AD2d 749 [1982].)
The materials sought by the defendant are not within the ambit of CPL article 240, so the present application is truly an application for a court-ordered subpoena duces tecum. In the absence of sworn allegations of fact the application is devoid of any factual basis and must be denied. (Virag v Hynes, 54 NY2d 437, 442; People v Garcia, 128 Misc 2d 810 [1985].) The defendant cannot utilize judicial process to embark upon a fishing *931 expedition. (Matter of Suffolk County Med. Examiner v Guido, 215 AD2d 705 [2d Dept 1995].)
Another issue which defendant’s application fails to address is whether or not these particular samples are subject to reliable scientific examination for the purpose of determining whether the complainant had ingested cocaine at or about the time period theorized by the defendant. And, if so, by what means?
It would further appear that the method used in preserving the blood sample is a threshold consideration in need of address before any determination can be made as to the feasibility of the testing proposed by the defendant.
The defendant has asked the court, in the event that testing of the original blood sample will not yield any reliable result, owing to degradation of the sample or some other impediment, that the complainant be directed by the court to submit to a blood test and provide a hair sample. This branch of the application is unsupported by any scientific authority to suggest that blood drawn or hair removed in February 1996 will yield any evidence, using methods generally accepted in the scientific community, which will have bearing upon alleged cocaine usage by the complainant on December 24, 1995. (People v Wesley, 83 NY2d 417, 422-423 [1994].)
Moreover, any direction requiring the victim to undergo testing would seem to be in derogation of a public policy which seeks to accommodate rather than traumatize and inconvenience any complainant. What immediately comes to mind as a danger is a scenario in which the victim is subjected to tests equal in number to potential defense theories advanced.
In any case, the Legislature has carefully and clearly provided by law the procedures necessary to obtain scientific samples from defendants. Under such circumstances, this court cannot conclude that the failure by the Legislature to make similar provisions relating to victims was a legislative oversight.
This court is not authorized to impose, by judicial fiat, as defense counsel urges, new and broader rules of discovery, impacting the rights of victims, which the Legislature has declined to authorize.
For these reasons the defendant’s application is in all respects denied, except that with respect to the materials now in the hands of the District Attorney, the defendant is granted leave, upon a proper showing demonstrating both the grounds *932 upon which it is believed that the complainant had ingested cocaine at or near the time in question and that the proposed scientific testing will yield admissible evidence in this regard, to renew that branch of his application as it pertains to these.
The District Attorney is directed to apprise the defendant of the methodology used to preserve the samples in his possession, which are now under the control of that office.