*738 OPINION OF THE COURT
Richard Horowitz, J.
The County Attorney’s Office now moves to quash a subpoena duces tecum for global positioning system (hereinafter GPS) tracking records and memo book entries possessed by the Suffolk County Police Department. This court finds that the notice requirements of Civil Practice Law and Rules § 2307 have been met by the defendant. As to the GPS records, the court does not find that the defendant is attempting to circumvent normal discovery practice since these records are not enumerated in Criminal Procedure Law § 240.20. The court also finds that the defendant’s request is not a “fishing expedition,” since the subpoenaed materials are “relevant and material to the guilt or innocence” of the defendant. Nor is it conjecture (Matter of Suffolk County Med. Examiner v Guido, 215 AD2d 705 [1995]; and see People v Gissendanner, 48 NY2d 543 [1979]; Matter of Covenant House/Under 21 [People — Branch], 169 AD2d 723 [2d Dept 1991]). As the Court of Appeals recognized in People v Kozlowski (11 NY3d 223 [2008]),
“[t]he proper purpose of a subpoena duces tecum, of course, is to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding. The relevant and material facts in a criminal trial are those bearing upon ‘the unreliability of either the criminal charge or of a witness upon whose testimony it depends.’ ” (Id. at 242; see Gissendanner at 550.)
As to the issuance of a subpoena for GPS records, this court considers this to be an issue of first impression. GPS technology, while hardly in its infancy, is daily creeping its way into the criminal justice system. It is reliable, not prone to manipulation and relatively inexpensive. GPS is used by probation departments to monitor the movement of high-risk probationers. It is also permitted, upon the proper issuance of a warrant, to be used by police departments to monitor the whereabouts of a suspect’s vehicle. This year, the Court of Appeals in People v Weaver (12 NY3d 433 [2009]) opined that GPS is
“easily and cheaply deployed and has virtually unlimited and remarkably precise tracking capability. With the addition of new GPS satellites, the technology is rapidly improving so that any person or object, such as a car, may be tracked with uncanny accuracy to virtually any interior or *739 exterior location, at any time and regardless of atmospheric conditions.” (Id. at 441.)
The Suffolk County Police Department has chosen to equip its patrol cars with GPS tracking devices. The defendant seeks to obtain those records as they relate to the vehicles involved in the investigation of her motor vehicle accident and subsequent arrest for driving under the influence of alcohol or drugs, a violation of Vehicle and Traffic Law § 1192 (3).
Due to the novelty of GPS technology, it does not fit within the parameters of Criminal Procedure Law § 240.20, the discovery statute for criminal cases in New York State. This court finds that defendant has made a reasonable showing that these records, which are readily available, may potentially provide relevant and exculpatory evidence. The fact that the Police Department may have intended these records to be internal does not obviate their potentially exculpatory nature.
In the case at bar the defendant is alleged to have caused a motor vehicle accident, during a snowstorm, while under the influence of alcohol. Defense counsel, through an extensive investigation, has brought forth information that specifically challenges many of the police determinations in this case. (See defendant’s and witness’ affidavits, exhibits 5, 6.) While the People cite People v Gissendanner (supra), this court finds the present case easily distinguishable. In Gissendanner the request for personnel records was extremely general and without any specific reason. The records requested were also personal and not mechanical. Here we are not presented with any privacy issues. In the present case, the defense has fashioned a very specific request, both in terms of time and a limited number of vehicles. The court does not believe that this is a “fishing expedition,” but rather a narrowly sculpted pursuit of relevant information.
Finally, the court finds that the memo book entries requested may be obtained through normal discovery procedure.
Accordingly, the motion to quash the subpoena duces tecum as to the GPS records is denied. The Suffolk County Police Department is directed to turn over the subpoenaed information to the defendant. The motion to quash as to the memo book entries is granted.