People v Johnson (2021 NY Slip Op 02702)





People v Johnson


2021 NY Slip Op 02702


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, WINSLOW, AND DEJOSEPH, JJ.


1244 KA 17-00529

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RONALD K. JOHNSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BENJAMIN L. NELSON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN PORTER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered April 7, 2016. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of rape in the second degree (Penal Law
§ 130.30 [1]) in full satisfaction of a two-count indictment charging him with rape in the first degree under section 130.35 (2) and rape in the second degree under section 130.30 (1). Defendant contends that County Court erred in denying his motion to dismiss the indictment on the ground that, inter alia, his state constitutional due process rights were violated by extensive preindictment delay. We reject that contention and affirm.
The Court of Appeals "ha[s] long held that 'unreasonable delay in prosecuting a defendant constitutes a denial of due process of law' " under article 1, section 6 of the New York Constitution (People v Singer, 44 NY2d 241, 253 [1978], quoting People v Staley, 41 NY2d 789, 791 [1977]). The "Taranovich factors [are] employed to determine whether there has been a violation of the due process right to prompt prosecution" (People v Decker, 13 NY3d 12, 15 [2009]; see People v Taranovich, 37 NY2d 442, 445 [1975]). Those factors are: "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (Taranovich, 37 NY2d at 445). Where, as here, "there has been a protracted delay, [i.e.,] a period of years, the burden is on the prosecution to establish good cause" for the delay (Singer, 44 NY2d at 254). "[N]o one factor [is] dispositive of a violation, and [there are] no formalistic precepts by which a deprivation of the right can be assessed" (People v Romeo, 12 NY3d 51, 55 [2009], cert denied 585 US 817 [2009]).
Here, the parties agree that the first factor favors defendant and that the fourth factor favors the People. Moreover, we will assume, arguendo, that the People failed to establish "good cause" for the "protracted" preindictment delay in this case such that the second and third factors favor defendant (Singer, 44 NY2d at 254).
We nevertheless conclude that, after considering all of the relevant factors, defendant's state constitutional due process rights were not violated because his defense to the charge of which he was convicted was not prejudiced in any conceivable respect by the preindictment delay (see People v Grady, 111 AD2d 932, 932 [2d Dept 1985]). Specifically, although defendant [*2]correctly notes that the extensive preindictment delay undoubtedly compromised his ability to contemporaneously investigate the facts and circumstances of the underlying incident, he concedes that no amount of contemporaneous investigation could have revealed a defense to the strict-liability crime of which he was ultimately convicted, namely, rape in the second degree under Penal Law § 130.30 (1). Thus, under the circumstances of this case, the preindictment delay could not have "impaired" defendant's ability to defend himself on the charge of which he was convicted (Taranovich, 37 NY2d at 445). Whether and to what extent the preindictment delay impaired defendant's ability to defend himself on the separate count of rape in the first degree is irrelevant to our analysis because defendant was not convicted of that count (see generally People v Brown, 53 NY2d 979, 981 [1981]; People v Singh, 185 AD3d 480, 480 [1st Dept 2020], lv denied 35 NY3d 1070 [2020]; People v Cutaia, 167 AD3d 1534, 1534-1535 [4th Dept 2018], lv denied 33 NY3d 947 [2019]; People v Yu, 166 AD2d 249, 250 [1st Dept 1990], lv denied 76 NY2d 992 [1990]). In that respect, we emphasize that defendant did not plead guilty to rape in the second degree as a lesser-included offense of rape in the first degree. Moreover, defendant's assertion that the preindictment delay deprived him of the ability to negotiate a sentence that would have run concurrently with a prior unrelated burglary sentence is without merit as "there is no reason to believe that his counsel . . . would have been able to obtain a plea [with concurrent time]" (People v Heywood, 138 AD3d 607, 608 [1st Dept 2016], lv denied 28 NY3d 971 [2016]; see People v Allende, 206 AD2d 640, 642 [3d Dept 1994], appeal dismissed 84 NY2d 921 [1994]), and defendant does not assert that any of the prejudice considerations described in Moore v Arizona (414 US 25, 26-27 [1973]) are implicated here (see People v Wiggins, 31 NY3d 1, 18 [2018]).
In reaching our determination, we acknowledge that the law does not require a specific demonstration of prejudice in order to prevail on a due process claim stemming from preindictment delay (see Wiggins, 31 NY3d at 13, citing Singer, 44 NY2d at 253-254). That said, however, the fact that a Singer claim does not necessarily require a showing of prejudice does not mean that relief must invariably be granted where the defendant suffered no prejudice at all. In that respect, an analogy can be drawn to ineffective assistance caselaw: although prejudice is not invariably required to prevail on that type of claim, the complete absence of prejudice will typically foreclose relief (see e.g. People v Vasquez, 20 NY3d 461, 468 [2013]; People v Simmons, 10 NY3d 946, 948-949 [2008]). Thus, although defendant was not obligated to show how exactly he was prejudiced, the complete absence of prejudice in this case weighs most heavily against him when determining whether he was deprived of due process by the preindictment delay.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court